**7590**

No. 7 5 9 0.

--- Court of Appeal----Parish of Orleans. ---

------ ----

Oscar P. Mohr- vs. Peter A. Fabacher.

----

---

By Dinkelspeil, J.

-----

**7590**

In this cause plaintiff represents, that he is a qualified and regularly licensed Architect and prac- -tices his profession in the City of New Orleans. That there was verbal contract between the defendant and himself; that as Architect he would prepare plans and specifications for remodeling and supervising the building No. 1000 Canal Street in this City of which defendant was lessee, and which premises defendant contemplated operating and conducting therein a mot- -ion picture show house or theatre.

The compensation agreed upon was to be 10% of the total cost; that the work originally designed was to cost twenty-two hundred dollars, but that oweing to alterations, additions and changes which were made at the request of defendant or with his consent, and for the purpose of improving, enhancing and beautify- ing the said theatre, the total cost of the work tot- aled $ 3,820.56. That all the work and services requir- ed was completed under his direction and supervision as Architect and accepted by defendant. That the amount due plaintiff as compensation , 10% of the total was $x $382.05. He claims an additional amount of $28. for a canopy furnished to the roof of the building in ques- -tion which by error and inadvertance was omitted; also, further claims the sum of $10. for extra services for for laying out, supervising and installing seats in the theatre, which work was done by him at defendant's re- -quest.

The defendant in answering, amongst other things, sets up, that plaintiff was engaged both as Architect and Contractor; that plaintiff had agreed and contrac- -ted to make all the improvements contemplated for the sum of $2.400., which amount was to cover and include all cost of material, labor and profits of plaintiff,

10

all expenses or charges incidental or in any way connec-
-ted there with, in other words, $ 2.490, under said con-
-tract and understanding, that he was to pay and no more.
He denies that he directed, or authorized, or consented,
in any alterations, additions or changes, and if there
were any "alterations, additions or changes at an incre
-aced cost, that the same were made or done without his
knowledge or consent, and entirely upon the responsibill
-ity of plaintiff herein; that plaintiff advised him that
the work to be done was not to be in excess of the amount
heretofore stated; denies that the work was ever comple-
-ted, that finally at the time that said picture show
was opened it was done under the advise, with the consent
and at the direction of the plaintiff, and further if
there were any delays it was caused by plaintiff.
He admits, that he has paid plaintiff the sum of $251.02,
but denies that there is $196. due, and denies any am-
-ount whatsoever being due plaintiff.

The case was tried and the evidence amongst other
things has this letter annexed to plaintiff's petition,
addressed to defendant, of date 3-27-1916.
The letter reads;-

> "Pursuant with your request I have
> ordered the work at your theatre building, Corner
> of Canal and Dryades Streets started at once.
> It being understood that the improvement contem-
> -plated should be kept within $2.200., unless other
> -wise agreed by you.
> The work is to be subcontracted, and you are to pay
> for same as the progress of the work in the opinion
> of the writer, as Architect, justifies same."
> This letter is signed by plaintiff.

Itemized statements of accounts, furnished from time
to time showing items agregating $2.420, which includes
Architect fee of 10%. The next itemized statement shows
$2.177.55, then there were calls for various sums of
money commencing with $500.

The next call, after acknowledging receipt for $500.,

11

was asking for a check of $1.000., for further disbursements. This followed with a statement showing a total of $2.235.16, then follows an itemized statement showing $2.636.26. Again, there was a further acknowlegement of another check of $1.000. which included the $300., Architect fees. Then follows an itemized statement covering disbursements $2.481.. Sundry letters asking for further payments are also annexed together with the specifications, labor and materials for the building in question. We have carefully read same, and in acknowledging the receipt of the statements referred to to--gether with repeated demands for monies by plaintiff on defendant, the following letter from plaintiff to defendant speaks for itself;-

> " Pursuant with your request I have ordered the work at your theatre building, Corner of Canal and Dryades Stress, started at once.
> It being understood that the improvement contemplated should be kept within the $2.300., unless otherwise agreed by you. The work is to be subcontracted and you are to pay for same as the progress of the work, in the opinion of the writer as Architect, justifies.same."
> ~igned by plaintiff.

The testimony in the case, as in all cases of a like kind, is conflicting, one affirmatively swearing that he was entitled to the amounts the statements called for and the other denying.

The first letter, we conceed, from plaintiff to defendant, quoted in this opinion, fixes absolutely the cost of the building, and as plaintiff must make his case certain, in our opinion, he has not done this.

In the ease of Mac Connell -vs- Dreyfous, 144 La. Supplement, Vol. 81, No. 6, p. 383, the Court goes on to say;

> "An Architect prepared plans for a building not to exceed a certain amount and which plans when prepared and delivered showed

12

that the building would exceed the price and cost stipulated. Suit was instituted and judg-ment was rendered against the Architect".

The Court goes on to say;

"Defendant desired to build an appartment house, employed plaintiff as Architect; that he and plaintiff, in their conversations as to what the house should cost had in mind the Arcadia Apartment House of two floors and a basement which had just been completed at an expense of $17.000., and that it would be well to have additional floors cosing $10.000. for each floor and thus increasing the price of the building. Plaintiff planned a building, the probable cost of which, accord ing to his own estimation would be $61.445. When the bids were called for it showed an amount far in excess. Specifications were furnished to defendant and commiss-ions claimed on the total amount the building would cost".

The Court quotes with approval the case of Williar vs. Nagle, 109 Maryland, p. 75. " An Archi--tect employed to prepare plans and specifications for the building to cost a specified sum cannot recover compensation for his services where the building could not be erected except at a cost materially in excess of the amount specified."

A case in this Court, O. P. Mohr-vs-J. M. Swoop, 13 th. Court of Appeal. p. 94. In that case defendant writes to plaintiff the following letter,-

" As my former tenant has agreed to lease the new building for which you are to draw up plans and specifications, I will ask that when you have both settled on plan adopted, that you submit the same to me for my approval. One thing I would impress you with I do not care to go over $12.000.$13.000., for complete building ready for tenent to move in". Signed by defen--dant.              13

In that case the Court says:-

"The plaintiff had a did not seem to make any attempt
to modify his plans soa as to bring the cost of the buil-
-ding  down to $12.000., but his efforts seems to have
been directed to induce the tenents to raise their rent
and to convince the defendant that he would be getting
a first class building, the cost of which would  lessen to him
him by the returns of some $2.000., which the adjoining
owners would have to make to him for their share of the
cost of the two dividing walls! In this he failed."
The suit was brought, and the Court at page 98, goes on
to say,-  "But inasmuch as plaintiff was limited to
plans for the building not to cost more than $12.000.,
the rate of his commission can not be based on a lar-
-ger amount". Citing authorities.

In the case of Maas vs, Fernandez, 2 48 Ann. p. 264,
"The Court lays down the docterine regarding extras or
additions to the contract should require proof on the
part of plaintiff for any additional cost in connect-
ion there with"

In the case of Sarrazin -vs- Adam, 110 La. p. 124,
the Court amongst other things decided;-

"The failure to build according to the contract and
plans and specifications of the builders to the extent
shown was an open and active violation of the contract".

We are therefore of the opinion, that the first
letter of plaintiff to defendant was the contract
between the parties and both were bound thereby unless
altered or agreed to additional cost, and this this
plaintiff has failed in proving and therefore his act-
ion must fail.

It is therefore, ordered, adjudged and decreed, that
the judgment of the lower Court be annulled, avoided
and reversed, and there be now judgment in favor of
the defendant, dismissing plaintiffs suit at plaintiffs
cost in both Courts.